UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANIYU AYINLA JAIYEOLA,

    Plaintiff,                                                 Hon. Janet T. Neff

v.                                                           Case No. 1:21-cv-1053

ROBERT A. BRUNDAGE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff filed his complaint in this case and paid the filing fee on December 14, 2021, naming Robert A. Brundage, an attorney with the law firm of Bowman and Brook LLP in San Jose, California, as the Defendant. This matter has been referred to me pursuant to 28 U.S.C. § 636 for handling of all matters under Sections 636(a) and (b)(1)(A) and for submission of recommendations on dispositive motions under Section 636(b)(1)(B). (ECF No. 4.) Having reviewed the complaint, I recommend that the Court dismiss this matter for lack of subject matter jurisdiction.

    Plaintiff alleges that Brundage violated Michigan's Unauthorized Practice of Law (UPL) statute, Mich. Comp. Laws. § 600.916(1). He purports to invoke supplemental jurisdiction under 28 U.S.C. § 1367, based on his allegation that his claims arise out of a prior case in this Court captioned *Jaiyeola v. Toyota Motor North America, Inc., et al.*, No. 1:17-cv-562 (W.D. Mich.) (*Jaiyeola I*). Plaintiff is mistaken about jurisdiction. Supplemental jurisdiction does not provide a basis for jurisdiction in this action because it is a new action that is separate from *Jaiyeola I*. As the Eleventh Circuit has observed, supplemental jurisdiction authorized under "§ 1367 cannot

provide the [basis for] 'original jurisdiction.'" *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 n.3 (11th Cir. 2001) (quoting 28 U.S.C. § 1441); *see also* 4 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure, § 3722 (4th ed.) ("[S]upplemental jurisdiction under Section 1367 is not a source of subject-matter jurisdiction . . . [instead, it] authorizes supplemental jurisdiction over claims that are within the same civil action as a federal question claim (or over claims that are within . . . diversity jurisdiction), and those claims alone."). In reality, Plaintiff must rely on diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1 at PageID.4–5.)

*Jaiyeola I* was a products liability case in which Plaintiff alleged that on November 25, 2013, his 1996 Toyota Camry suddenly accelerated, causing him to hit a guardrail and suffer severe injuries. Attorney Carmen Bickerdt of Bowman and Brooke's Detroit, Michigan, office represented Toyota Motor North America, Inc., and attorney David Ayers of the Jackson, Mississippi, firm of Watkins & Eager PLLC represented Toyota Motor Corporation. On August 5, 2019, the Court entered judgment for Defendants and dismissed the case. *Jaiyeola I*, ECF Nos. 304 and 305. Plaintiff appealed to the Sixth Circuit, which affirmed the merits ruling in an unpublished order entered on February 1, 2021. *Id.*, ECF No. 346. However, the court reversed as to Plaintiff's sanctions motion, ECF No. 264, which had not been considered by this Court, and remanded solely for consideration of Plaintiff's request for sanctions and collateral issues raised in the motion. *Id.*, ECF No. 346 at PageID.7439. On April 14, 2021, following remand, the Court entered a Memorandum Opinion and Order denying Plaintiff's motion for sanctions, ECF No. 264. *Id.*, ECF No. 352.

Plaintiff's claims in this case are that Brundage violated the UPL statute by "ghostwriting pleadings" in *Jaiyeola I*, including ECF Nos. 371 and 380, which Bickerdt and Ayers then signed, and "ghostwriting and signing" ECF No. 383. (ECF No. 1 at PageID.3.) Although Brundage and

2

Bickerdt are members of the same law firm, Plaintiff accuses Brundage, who is not admitted to practice law in Michigan and had not filed a formal appearance in *Jaiyeola I*, of committing these alleged violations. He further asserts that Bickerdt and Ayers were complicit in the violations.

Plaintiff filed numerous unsupported motions in *Jaiyeola I*. On November 10, 2020, the Court warned Plaintiff that future filings of motions, notices, and other documents in that case that lacked an appropriate legal or factual basis would be summarily denied or rejected. *Jaiyeola I*, ECF No. 336 at PageID.7355. On December 16, 2020, the Court instructed the Clerk to place Plaintiff on Restricted Filer status by ceasing to docket additional filings in the case absent an order finding that Plaintiff had shown good cause for the filing. *Id.*, ECF No. 342 at PageID.7403. Still, Plaintiff continued to file frivolous motions. On December 10, 2021, the Court denied Plaintiff's numerous motions for leave to file motions and directed the Clerk to reject any further filings by Plaintiff in the case. *Id.*, ECF No. 404. Those motions included Plaintiff's motions seeking sanctions against Brundage, Bickerdt, and Ayers based on Brundage's involvement with ECF Nos. 371, 380, and 383 and his alleged unauthorized practice of law.

"[F]ederal courts are courts of limited jurisdiction with only such jurisdiction as is defined by the Constitution and granted by Congress." *United States v. Glover*, 242 F.3d 333, 335 (6th Cir. 2001) (internal quotations and citation omitted). It is thus "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). Regardless of whether the parties raise the issue, a federal court is obligated to examine its subject matter jurisdiction *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998). Because Plaintiff asserts that

the Court has jurisdiction over this case, he has the burden of proving that subject matter jurisdiction exists. *Kokkonen*, 511 U.S. at 377.

Here, diversity jurisdiction does not exist. Diversity jurisdiction exists only when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. 28 U.S.C. § 1332(a). First, complete diversity is lacking. Although Plaintiff includes only Brundage in the caption and identifies Brundage as the only Defendant, Plaintiff has also included Bickerdt—a Michigan citizen—in the complaint. Plaintiff does not refer to Bickerdt as a Defendant, but he expressly identifies her as a party and seeks compensatory and punitive damages against her (as well as Ayers). (ECF No. 1 at PageID.3, 12–13.) Thus, Plaintiff improperly attempts to manufacture jurisdiction by omitting Bickerdt as a Defendant, which would preclude jurisdiction because Plaintiff is also a citizen of Michigan.

As for the amount in controversy, Plaintiff alleges that it "is greater than $75,000, exclusive of interest and costs." (*Id.* at PageID.5.) He claims that his damages are based on "humiliation, intimidation, embarrassment, and frustration" he suffered upon learning that it was Brundage, rather than Bickerdt, who authored the offending documents. (*Id.* at PageID.12, 14, and 17.) In a federal diversity action, the amount in controversy alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). The "[m]ere averment of the amount claimed to be in controversy is not enough to confer jurisdiction." *Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967). Assuming that the UPL statute provides a private right of action for damages (which is a stretch) and that Plaintiff has standing to maintain such claim (which is also a stretch), it is a legal certainty that Plaintiff cannot establish the jurisdictional amount. It is frivolous for

4

Plaintiff to suggest that he suffered any emotional distress-type damages, let alone in an amount that exceeds $75,000.00, upon receipt of Defendants' responses to his frivolous motions simply because he realized they were prepared by an attorney who worked at the same firm as an appearing attorney, but who had not appeared in the case himself. In *Jaiyeola I*, the Court determined that Plaintiff's motions presenting the same arguments were frivolous. Plaintiff cannot sidestep this determination and imbue his baseless assertions with legitimacy simply by recasting them as claims in a complaint, paying a filing fee, and initiating a separate action.

For the foregoing reasons, I recommend that the Court conclude that it lacks jurisdiction in this case and that the complaint cannot be amended to establish jurisdiction, and that this matter be **dismissed with prejudice**.[1]

Dated: December 28, 2021 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[1] Alternatively, or in addition to the reasons set forth above for the foregoing recommendation, the Court may conclude that dismissal for lack of subject matter jurisdiction is appropriate on different grounds. Although Plaintiff has paid the filing fee, it is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 553 F.3d 412, 417 (6th Cir. 2008). At a minimum, Plaintiff's allegations are frivolous and no longer open to discussion.