UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANIYU AYINLA JAIYEOLA,

    Plaintiff,

v.

ROBERT A. BRUNDAGE,

    Defendant.

_____/

Case No. 1:21-cv-1053

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff, Ganiyu Ayinla Jaiyeola, filed this Complaint alleging three violations of Michigan's Unauthorized Practice of Law statute, Mich. Comp. Laws § 600.916(1). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court dismiss this case for lack of subject-matter jurisdiction (ECF No. 11). The matter is presently before the Court on Plaintiff's motion for leave to file objections to the R & R and his proposed objections.[1] The Court will consider Plaintiff's proposed objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

In his objections, Plaintiff argues that both federal question and diversity jurisdiction exist in this case. Plaintiff's arguments regarding federal jurisdiction are confusing. Plaintiff alleges

---

[1] Plaintiff is on "restricted-filer" status, which requires him to seek leave of court before any filing is docketed. *See* ECF No. 336, J*aiyeola v. Toyota Motor North America, Inc.,* No. 1:17-cv-562 (W.D. Mich.).

violations of state law in his Complaint (ECF No. 1 at PageID.10-18).  Supplemental jurisdiction pursuant to 28 U.S.C. § 1367 alone cannot provide the basis for subject matter jurisdiction (ECF No. 11 citing *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 n.3 (11th Cir. 2001) and 4 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure, § 3722 (4th ed.)).  To the extent Plaintiff is now claiming that this Court has jurisdiction because the Clerk of Court violated Plaintiff's First Amendment rights by rejecting some of his filings or some other violation of federal law, Plaintiff failed to allege any such claim in the Complaint.  Accordingly, the Court finds that federal question jurisdiction does not exist.

Plaintiff's arguments regarding diversity jurisdiction also fail.  A federal court has diversity jurisdiction when (1) there is complete diversity of citizenship among the parties (that is, no plaintiff is a citizen of the same state as any defendant) and (2) the "amount in controversy" is greater than $75,000. *See* 28 U.S.C. § 1332(a).

The Court agrees with the Magistrate Judge's determination that complete diversity does not exist.  At issue is whether Plaintiff named Carmen Bickerdt—who is a citizen of the same state as Plaintiff—as a defendant in this case.  Plaintiff did not identify Bickerdt as a defendant in the Complaint; instead, he alleged that Bickerdt was a "key witness[]" (ECF No 1 at PageID.1).  Nonetheless, Plaintiff alleged that Bickerdt was liable for compensatory and punitive damages and asked the Court to enter judgment against Bickerdt, among other individuals (*id.* at PageID.12-13, 15, 17).

Plaintiff does not dispute that he still seeks damages and judgment against Bickerdt. He argues that the Magistrate Judge did not cite any law "that states that when you seek damages against a party you must make that party a Defendant" (ECF No. 12-1 at PageID.526).  It is a basic principle that when a Plaintiff files a complaint seeking damages and asking that a judgment be

2

entered against an individual, that individual is properly considered a defendant. The Court is unaware of any case where a plaintiff was permitted to circumvent the complete diversity requirement by avoiding naming a party a defendant but still seeking the same remedies that would be available if the party was named a defendant. Plaintiff cannot use this tactic to get around the complete diversity requirement. *See Mississippi ex rel Hood v AU Optronics Corp.*, 571 U.S. 161, 174 (2014) ("We have interpreted the diversity jurisdiction statute to require courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction."). Thus, the Court finds that Bickerdt is properly considered a defendant. Because Bickerdt and Plaintiff are both citizens of the same state, complete diversity is lacking.

The Court also agrees with the Magistrate Judge's determination that the amount in controversy is not over $75,000. For the reasons set forth in the R & R—specifically the detailed history of this case and *Jaiyeola v. Toyota Motor North America, Inc.,* No. 1:17-cv-562 (W.D. Mich.), the Court finds that this is the rare case where Plaintiff's broad damages claim is not made in good faith. Moreover, the fact that Plaintiff requested a settlement of $5,617,000 in the related case is not relevant. Plaintiff alleges three violations of "ghostwriting" response briefs that were filed in a case after the Court already entered judgment against him. The underlying motions were frivolous. As the Magistrate Judge adequately concluded, "Plaintiff cannot sidestep this determination and imbue his baseless assertions with legitimacy simply by recasting them as claims in a complaint, paying a filing fee, and initiating a separate action" (ECF No. 11 at PageID.495). Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Finally, there are several other pending motions in this case (ECF Nos. 5, 6, 7, 14, 16, 20, 22, and 23). The Court has reviewed each motion. None of the motions have any effect on the subject matter jurisdiction issue. Because the Court finds that it does not have subject matter jurisdiction over this matter, Plaintiff's motions are properly denied as moot.

**Accordingly**:

**IT IS HEREBY ORDERED** that the Plaintiff's motion for leave to file objections (ECF No. 12) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's objections are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 11) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motions (ECF Nos. 5, 6, 7, 14, 16, 20, 22 and 23) are DENIED as moot.

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint is DISMISSED for lack of jurisdiction. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Dated: February 8, 2022

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge